(C. D. 151)

Close & Stewart v. United States

United States Customs Court, Second Division

(Decided April 24, 1939)

*Harper & Harper (Walter I. Carpeneti* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States arising at Spokane, a subport of the port of Seattle, Wash., brought to recover certain customs duties alleged to have been improperly exacted on a particular importation comprising 25 complete bicycles shipped in a knocked-down condition. Duty was levied thereon at the rate of 30 per centum ad valorem under the provision in paragraph 371 of the Tariff Act of 1930 for "bicycles and parts thereof, not including tires." It is claimed that the collector should have treated each bicycle part as a separate tariff entity, assessing duty thereon (except on the tires) at the rate of 30 per centum ad valorem under said paragraph 371 and on the tires at the rate of 10 per centum ad valorem under the provision in paragraph 1537 (b) of said act for "bicycle tires composed wholly or in chief value of rubber."

At the hearing held at San Francisco on February 14, 1938, no evidence was offered by either side, the case having been submitted on this question of law: Did Congress intend that tires should be separated from complete bicycles and classified under said provision in paragraph 1537 (b), or was said provision applicable only when bicycle tires were imported as separate and distinct entities unaccompanied by the other parts necessary to make complete bicycles?

The record discloses that the importation consists of 25 complete bicycles shipped in a knocked-down condition. That fact is not disputed. Indeed, there is nothing to show that any other bicyle part, as such, was imported.

In *Auto Import Co.* v. *United States*, T. D. 29599, 17 Treas. Dec. 200, the United States Circuit Court of Appeals for the Second Circuit held that, where a complete automobile and its four necessary tires were imported in the same vessel by the same importer and entered at the same time, the parts were dutiable as a whole. That case arose under the Tariff Act of 1897 which contained no specific provision for automobiles. In its decision the court, speaking through Circuit Judge Lacombe, said:

The automobiles in question were imported in crates, each crate containing a complete machine, including four tires, which were not (and had not at any time been) placed on the wheels.

The theory upon which the importer contends that each of these automobiles and the tires which came with it should be considered as separate entities for duty purposes may be found in the following summary of the testimony.

\* \* \* \* \* \* \*

Upon this state of facts an importer may import incomplete cars and tires separately, and if he does so they will pay duty as separate entities, even though it be his intention after he gets them here to assemble them and thus produce completed cars. *United States* v. *Schoverling* (146 U. S. 76). But the majority of this court is of the opinion that under our decision in *United States* v. *Irwin* (78 Fed. Rep. 799), when the incomplete car and the four tires necessary to put it in running order are imported together, shipped by the same vessel for the same importer, and entered at the custom-house at the same time, the parts are dutiable as a whole.

In the later case of *Distributing & Importing Co. (Inc.) et al.* v. *United States*, T. D. 37491, G. A. 8123, 34 Treas. Dec. 36, decided on January 21, 1918, there was involved the question of the dutiable classification of certain automobiles and automobile chassis fully equipped with their necessary tires. They were classified for duty as entireties by the collector of customs at the port of New York and as such were held properly dutiable at the rate of 30 per centum ad valorem under paragraph 119 of the Tariff Act of 1913, which read as follows:

119. Automobiles, valued at $2,000 or more, and automobile bodies, 45 per centum ad valorem; automobiles valued at less than $2,000, 30 per centum ad valorem; automobile chassis, and finished parts of automobiles, not including tires, 30 per centum ad valorem.

The importers claimed that the tires were properly dutiable at only 10 per centum ad valorem under the general provision in paragraph 168 in said act for manufactures of india rubber.

In affirming the classification of the collector this court (then the Board of General Appraisers), speaking through Fischer, general appraiser, after pointing out that there was no dispute as to the facts, said:

These admitted facts would therefore seem to render unnecessary any discussion here regarding the proper tariff classification of automobile tires, since it is obvious that there are no such dutiable entities covered by any of the protests herein enumerated. It is evident, however, that the protests were filed by the importers with a view to securing from this board, if possible, a judicial interpretation of the language of paragraph 119, which, in effect, would hold that appraising and classifying officers, for tariff purposes at least, are required to consider and treat accordingly importations consisting of automobiles or of automobile chassis, with tires attached, precisely as if those articles were imported unaccompanied by any rubber tires. In other words, that it was the intention of Congress, as expressed in the language of said paragraph, that such essential and integral parts of automobiles or of automobile chassis as tires, should for duty purposes be segregated from the automobile and chassis of which they form necessary parts and that the importations should be appraised and classified as if the tires were imported alone as separate dutiable entities.

It is plain to be seen that any such construction would at once do violence to the common and ordinary knowledge and understanding of what constitutes an automobile or an automobile chassis. Certainly there is nothing contained in the paragraph in question which could by any stretch of the imagination be construed to ascribe any such intention on the part of Congress. * * *
* * * It is thus made clear that, as commonly and ordinarily known and understood, the terms "automobile" and "automobile chassis" both include the tires which are attached to the wheels. And a reading of the provisions of paragraph 119 makes it equally certain that such was also the clear understanding of the lawmakers in framing the language employed therein. Indeed, we think the paragraph is exceptionally plain and free from ambiguity and requires the application of no rules save those which ordinarily govern grammatical construction.

It specifically provides for four separate and distinct classes of articles, to wit, (1) automobiles, (2) automobile bodies, (3) automobile chassis, and (4) finished parts of automobiles, except tires * * *.

* * * * * * *
* * * If we attempted to hold that tires attached to automobiles were not to be considered as covered by the paragraph, it will be readily seen that such a holding would materially enter into the question of the proper rate of duty to be applied to certain automobiles. With the tires the automobile may be valued at over $2,000, but without them at less than that sum. Also, what would become of the fundamental rule of customs law that imported merchandise must be classified for duty precisely in the condition in which it arrives? If it is imported as an entirety, how is it possible for classifying officers to treat it otherwise? Even where the tires accompany the automobile, but, as imported, are detached from the wheels, there can be no question whatever but that the importation is made as an entirety. Such was the condition of the importation considered by this board in G. A. 6567 (T. D. 28044). In that case the board said:

Just why the tires are not as much a part of the machines as the chain gearing, the wheels, the lamps, the brake, the seats, the wooden body, etc., has not been

made clear to us. The tires accompany each machine; are packed in the same case with it; they are of the particular size for and are intended to be used on it, and without them the machine would be practically useless.

\* \* \* \* \* \* \*

Numerous cases have been decided by this board and by the courts holding as entireties machines and like articles which are frequently imported in an unassembled or knocked-down condition. It is wholly immaterial whether or not all of the parts are packed in a single case. *The fact that they are parts of a definite article which is imported in a single shipment and consigned to the same person establishes the tariff status of the importation as an entirety.* [Italics ours.]

On the established facts and the law applicable thereto we hold as a matter of law that the merchandise herein was properly classified by the collector as entireties. All claims of the plaintiffs are therefore overruled and judgment will be rendered accordingly.